IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 12-61-01ML |
| | : | |
| RALPH MARIANO | : | |
| | : | |
| and | : | |
| | : | |
| RALPH MARIANO, JR. | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT RALPH MARIANO'S
REQUEST TO HAVE ATTORNEY CORRENTE APPOINTED AS CJA COUNSEL

In a letter to the Court dated May 3, 2012, Attorney Robert Corrente ("Corrente") requests that the Court appoint him as the Criminal Justice Act ("CJA") attorney for defendant Ralph Mariano ("Mariano"). In support of this request, Corrente, who is not a member of the CJA Panel, asserts that Mariano is indigent and unable to pay for his services. The United States has serious concerns with defendant's request to appoint Corrente as CJA counsel.

First, the United States has reservations about Mariano's claim of indigency. Information developed in this case has revealed evidence that Mariano participated in a scheme to take millions of dollars in government funds by theft, that Mariano's bank accounts and retirement account contained substantial sums of money in prior years, and that Mariano spent significant amounts of funds on gambling. In addition, the government is aware of over $100,000 that has already been paid to Burns & Levinson, attorney Corrente's law firm. A large proportion of these fees appears to have been paid by Mariano's long-time associate, an unindicted co-conspirator identified in the Indictment at M.O. This amount of fees has been paid, despite the fact that an Indictment was just returned in this case on April 26, 2012. At the very least, the

United States requests that the Court conduct a full hearing to determine defendant's present financial status (including any income sources and gifts), the amount of money that has already been paid to Burns & Levinson, the source of those payments and the nature of defendant's financial relationship with Burns & Levinson (retainer or hourly basis) in order to ascertain whether defendant is indeed eligible for court-appointed counsel.

Second, assuming *arguendo* that the Court finds Mariano to be indigent, the United States is perplexed as to why Corrente should be appointed in this case when there is a ready available alternative - appointment of the Federal Public Defender.  The United States is concerned that the appointment of Corrente will cost the Court and the public hundreds of thousands of dollars in attorney fees and other costs, such as possible private investigator and expert witness expenses.  (The fact that Burns & Levinson has apparently billed Mariano more than $100,000 for "developing the background" of this case pre-indictment is a precursor of the large bills that await.)  This case is in its infancy; Mariano has not even been arraigned and discovery has yet to be produced.  That discovery will consist of hundreds of thousands of documents and an attorney is likely to require a significant number of hours to review the discovery and take the other steps necessary to prepare the case for trial.  When in-court expenses are included, the depletion of CJA funds in this case for the purpose of appointing Corrente is likely to be exorbitant.  As there are no witnesses or defendants in this case who are represented by the Federal Public Defender's Office, there is no reason why that Office could not effectively represent Mariano.[1]

---

[1] Indeed, the Federal Public Defender's Office is presently representing a defendant in a large fraud case that is pending before the Hon. William Smith.  In that case, the Assistant Federal Public Defender advised the Court that his office was well-equipped to represent that defendant and, if necessary, could bring in other attorneys from its Boston office as well.

While Corrente depicts the case as "extraordinarily complex" as involving the "intricacies of the Naval defense industry," the truth of the matter is that this is a relatively straight forward case in which a public official has large sums of money deposited directly into his bank accounts. This is certainly a case well within the capabilities of the Federal Defender's Office. Moreover, this is not a situation in which discovery has been reviewed and the parties are on the eve of trial. To the contrary, the criminal case has just begun and there is no reason why significant CJA funds should be depleted when there is a ready alternative. Further, the District Court Rule (L.R. 441(a)(1)) provides that where "the Court determines that the defendant is financially unable to retain private counsel, the Court shall appoint the Federal Public Defender or an attorney on the Court's Criminal Justice Act Panel (CJA Attorney) to represent that defendant." Corrente is *not* on the Court's CJA panel.

The Government understands that Mariano may wish to have former U.S. Attorney Corrente represent him in this case. Indeed, many indigent defendants wish to have attorneys of their choice be their representatives, no matter the cost to the public. The law, however, is clear that while indigent defendants are entitled to competent representation, there is no right to have counsel of one's choice. See, e.g., United States v. Pina, 844 F.2d 1, 7 (1st Cir. 1988) ("Appellant apparently fails to understand that there is no absolute right to a counsel of one's own choice; while a defendant may not be forced to proceed to trial with an incompetent or unprepared counsel, the court has no obligation to appoint a lawyer outside the public defender's office simply because a defendant believes all lawyers from that office are incompetent."). Accord United States v. Rivera-Corona, 618 F.3d 976, 979 (9th Cir. 2010) ("Indigent defendants have a constitutional right to effective counsel, but not to have a specific lawyer appointed by the court

and paid for by the public."); United States v. Basham, 561 F.3d 302, 324 (4th Cir. 2009) ("an indigent criminal defendant has no constitutional right to have a particular lawyer represent him") (citations omitted); and United States v. Porter, 988 F. Supp. 519, 526 (M.D. Pa. 1997) ("an indigent defendant has the right to the appointment of counsel, but does not have the right to counsel of choice or to any special relationship with appointed counsel.").

The United States therefore respectfully requests that the Court conduct a full hearing to consider Mariano's eligibility for court-appointed counsel and to consider the appointment of the Federal Public Defender's Office as a means to provide Mariano with effective representation while saving the public from the unnecessary expenditure of what will likely total many hundreds of thousands of dollars.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

PETER F. NERONHA
United States Attorney


/s/ LEE H. VILKER
LEE H. VILKER
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5044
Fax (401) 709-5001
email:lee.vilker@usdoj.gov

/s/ ANDREW REICH
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5036

/s/ TERRENCE DONNELLY
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5045

**CERTIFICATE OF SERVICE**

    I, hereby certify that on this 4th day of May, 2012, I caused the within Government's Response to be electronically filed with the United States District Court for the District of Rhode Island, using the CM/ECF System. The following participant has received notice electronically:

Robert Corrente, Esq.
Burns & Levinson
One Citizens Plaza
Suite 1100
Providence, R.I. 02903

Robert Mann, Esq.
100 Turks Head Plaza
Providence, R.I. 02903

/s/Lee H. Vilker
Lee H. Vilker
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5044
(401)709-5001(fax)
Lee.vilker@usdoj.gov