UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

      v.                                              CR No. 12-061-01-ML

RALPH M. MARIANO

**MEMORANDUM AND ORDER**

MARY M. LISI, Chief Judge.

This is a criminal case in which the Government has alleged that the defendant, Ralph M. Mariano ("Mariano"), conspired with others to commit, and did commit, certain offenses against the United States, including theft of government property, wire fraud, bribery, extortion, and tax evasion. The matter is before the Court on Mariano's motion for issuance of 15 subpoenas *duces tecum* for the production of 21 documents or categories of documents[1] pursuant to Federal Rule 17(c) of the Federal Rules of Criminal Procedure. Although Mariano acknowledges that "the government has produced or made available a substantial amount of material in discovery," he

---

[1] Mariano seeks to secure more than one document or set of documents from some of the sources; in some instances, he also requests the same documents or set of documents from more than one source. In addition, some information requested by subpoena is not addressed in Mariano's motion. See e.g., Scavoni subpoenas *duces tecum*, Item 8. (Docket # 63-1)

1

asserts that the requested subpoenas *duces tecum* are designed to address "many important gaps in the data that need to be filled in." Def.'s Mem. at 2 (Docket # 63). The Government has indicated that it has no objection to the issuance of the subpoenas, although it notes that some of the subpoenas "seek voluminous documentation and confidential information such as tax returns and financial documentation." Gov. Response at 1 (Docket # 64). The Government also notes that its non-oppositional stance does not affect the rights of any parties on whom the subpoenas will be served; it further requests copies of any documents received pursuant to the subpoenas. Id.

**I. Rule 17(c)**

In general, the Federal Rules of Criminal Procedure provide for limited reciprocal discovery in a criminal case. See Fed. R. Civ. P. 16; Fed. R. Crim. P. 26.2. The issuance of subpoenas *duces tecum* is governed by Federal Rule 17(c).[2] As cautioned by the

---

[2]
Rule 17(c) of the Federal Rules of Criminal Procedure provides, in pertinent part:

(1) In General. A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

(2) Quashing or Modifying the Subpoena. On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.   Fed. R. Crim. P. 17(c).

United States Supreme Court, "Rule 17(c) was not intended to provide an additional means of discovery. Its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." Bowman Dairy Co. v. United States, 341 U.S. 214, 220, 71 S.Ct. 675, 95 L.Ed. 879 (1951)). Although "Rule 17 provide[s] for the usual subpoena ad testificandum and duces tecum, which may be issued by the clerk, with the provision that the court may direct the materials designated in the subpoena duces tecum to be produced at a specific time and place for inspection by the defendant,[3]" it was not intended to "provide an additional means of discovery." Id.

A defendant seeking production prior to trial must show the following:

    (1) that the documents are evidentiary and relevant;

    (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence;

    (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and

    (4) that the application is made in good faith and is not intended as a general "fishing expedition." United States v. Nixon, 418 U.S. 683, 699-700, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974).

---

[3] The right to subpoena witnesses in criminal proceedings and to inspect subpoenaed materials applies to both the government and defendants. Fed. R. Crim. P. 17(c); United States v. Vanegas, 112 F.R.D. 235 (D.N.J. 1986).

To meet the requirements under Nixon, the materials sought by Mariano must satisfy three criteria: (1) relevancy; (2) admissibility; and (3) specificity. Nixon at 700, 94 S.Ct. 3090.

In describing the documents sought, a subpoena must refer to specific documents or, at least, to specific kinds of documents. 2 Charles A. Wright, Federal Practice and Procedure § 275 at 159 (1982). Requesting entire files instead of specific documents indicates a fishing expedition. United States v. Jackson, 155 F.R.D. 664, 668 (D.Kan. 1994)(citing United States v. Reed, 726 F.2d 570, 577 (9th Cir.), *cert. denied*, 469 U.S. 871, 105 S.Ct. 221, 83 L.Ed.2d 151 (1984). Instead, the party seeking production of documents under Rule 17(c) "must specify why the materials are wanted, what information is contained in the documents, and why those documents would be relevant and admissible at trial." United States v. Jackson, 155 F.R.D. at 668. "Use of terms such as 'any and all documents' or 'including, but not limited to' indicates a fishing expedition." United States v. Shinderman, 232 F.R.D. 147, 152 (D.Me.2005)(citing United States v. Jackson, 155 F.R.D. at 668).

Moreover, "[i]t is not enough that the documents have some *potential* of relevance and evidentiary use." United States v. Jackson, 155 F.R.D. at 667 (emphasis in original). Instead, "[t]here must be a 'sufficient likelihood' that the requested material is 'relevant to the offenses charged in the indictment,'"

4

and the party seeking the subpoena must make a "'sufficient preliminary showing that ... [the requested material] contains evidence admissible with respect to the offense charged.'" <u>United States v. Wittig</u>, 247 F.R.D. 661, 663 (D.Kan.2008)(citing <u>United States v. Anderson</u>, 31 F. Supp.2d 993, 944 (D.Kan. 1998)).

The Court has "wide discretion" to grant or refuse a requested subpoena. <u>United States v. Nivica</u>, 887 F.2d 1110, 1117-1118 (1st Cir. 1989)("Given the case-specific nature of criminal trials, the district court must be afforded great latitude in weighing factors such as timeliness, materiality, relevancy, competency, practicality, and utility, as a means of determining whether a subpoena request is well founded.").

**II. The Requested Subpoenas**

Mariano prefaces his request for issuance of the subpoenas with the general assertion that "[a]mong the host of factual issues in this case, none are more important than those relating to" what work was performed by certain entities, the flow of funds between certain entities, and how two individuals with connection to such entities "spent those funds." Mariano Mem. at 2. Regarding the last issue, Mariano offers no further explanation as to how the spending habits of the two individuals in question might be relevant in this case.

(A) Inquest Technologies[4]

Mariano provides no specific explanation for his request of Items 1-3 to be provided by Inquest Technologies. Only Item No. 4 is a request for a specific document related to Inquest - a sublease between Inquest and another entity from a particular date. Item 1 requests "contract document(s)," including purchase order agreements, requests for proposal or statements of work, without further specification of such materials. Item 2 requests "product deliverables," without specifying dates or explaining what those deliverables are or why related cover letters (which were produced) are not sufficient. Item 3 also requests deliverables which may, or may not, already be included in Item 2.  With respect to this category, the Court finds that only Item 4 passes the hurdle of "specificity" and Mariano's motion with respect to that item only is granted.

(B) Gary Scavoni ("Scavoni")[5]

Regarding Items 1-7, which Mariano requests in this category, the Court finds that Items 2-5, which seek, *inter alia*, seven years worth of contract documents, along with "all related invoices, product deliverables and documents (Item 2); 15 years of tax

---

[4] Mariano requests information related to (A) Inquest Technologies, (B) Gary Scavoni, (C) Russel Spencer/ADQ/C&S/SITI, and (D) Strategic International Concepts ("SIC").

[5] Scavoni has not been charged in this case.

returns (Item 3); and eight years of bank account records and or tax returns (Items 4, 5), are overly broad. Regarding Item 6, Mariano seeks unspecified documents "related to the purchase and financing" of a residence purchased by Scavoni and a residence purchased by Scavoni's sister. In addition to being overly broad, Mariano furnishes no explanation as to the relevancy of his request other than that "[o]bviously ... what [Scavoni) did with the money [is] centrally relevant." Mariano Mem. at 4. Item 7 seeks 15 and nine years of records, respectively, for two e-mail accounts associated with Scavoni, without specifying dates, sender or recipient, or subject matter.  The only arguably sufficiently described category is Item 1, which seeks "executed Value Added Reseller Agreements" between Scavoni and Inquest for a specified two-year period. With respect to Item 1 only, Mariano's motion is granted.

    (C) Russell Spencer ("Spencer")[6]/ADQ/C&S/SITI

    For this category of requested documents, Mariano again asserts that "[o]bviously, the financial records relating to Mr. Spencer and his various entities are of central importance." Mariano Mem. at 5. Items 1, 2, and 6-8 seek multiple years worth of tax returns and financial records for Spencer (and, in part, Spencer's wife). In addition to being overly broad and non-specific, the requests also disclose the complete identifying

---

[6] Spencer was charged in this case.

account numbers.[7] Items 4 and 5 request bank records related to Spencer's purchase of two residences, without further explanation as to how such information might be relevant to the case (other than the earlier, general assertion that how another individual spends money is relevant to the charges against Mariano). Item 3 seeks financial records for a specific three-month period and correspondence related to a discrete event; the Court grants Mariano's request with respect to Item 3 only.

(D) Strategic International Concepts ("SIC")

In this last category of requested materials, Mariano seeks five years worth of bank records (Item 1) and one to two years worth of bank records (Item 2). Mariano provides no explanation why he seeks those records and how they may be relevant to the case against him. For that reason and because, in addition, this request lacks specificity, Mariano's motion regarding Items 1 and 2 is denied.

## Conclusion

For the foregoing reasons, the Court GRANTS Mariano's motion only with respect to those items as set forth herein. With respect to all other items, Mariano's motion is DENIED without prejudice. Mariano is instructed to modify the subpoenas in accordance with

---

[7] Mariano's counsel has since been instructed to redact all but the last four digits from identifying information such as account numbers.

this Memorandum and Order and set a return date of April 8, 2013, 11:00 a.m. in Courtroom 1 of the United States Courthouse for the materials produced under the subpoenas.

/s/ Mary M. Lisi

Mary M. Lisi

Chief United States District Judge

March 7, 2013